IN THE MATTER OF THE ESTATE OF WILLIAM P. JOHNSON, DECEASED.

*Appeal — none lies from an ex parte order of a surrogate.*

APPEAL from an *ex parte* order made by the surrogate of Otsego county vacating a former *ex parte* order giving the appellant twenty-five additional days to serve a case and exceptions.

The court at General Term said: "The surrogate granted an *ex parte* order giving an executor, who was the appellant from a decree, twenty-five days additional time to serve a case and exceptions. Afterwards, on the application of the respondent and on a new affidavit, the surrogate *ex parte* vacated the former order. From that last order this appeal is brought, so, at least, it is stated in the points on both sides, although we cannot identify the order appealed from as that which is mentioned in the notice of appeal.

"It is the uniform rule that appeals do not lie from *ex parte* orders of the Special Term. The proper course is to move on notice to vacate an *ex parte* order. If the motion is refused an appeal may lie. But unless both parties have been heard by the

court below there is not such a decision between them as we should be asked to review.

" We do not see why that same rule should not apply to this case. *Hyslop* v. *Powers* (9 Paige, 322) is not in point."

*F. G. Finck*, for Mary J. Butler, appellant.

*Samuel A. Bowen*, for Emma J. Darrow, Allen Bloomfield and others, respondents.

*Samuel S. Edick*, for John D. Carey, respondent.

*Charles D. Olendorf*, for Julia A. Johnson, respondent.

*A. C. Tennant*, for Floyd C. Shepard and others, respondents.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Appeal dismissed, without costs to either party.